IN THE UNITED STATES DISTRICT COURT 
 FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA 

 CHARLESTON DIVISION 

IN RE: COLOPLAST CORP., 
 PELVIC SUPPORT SYSTEMS 
 PRODUCTS LIABILITY LITIGATION MDL No. 2387 
 ______ 

THIS DOCUMENT RELATES TO: 
Civil Action No. 2:16-cv-01391 
 MEMORANDUM OPINION AND ORDER 
Pending before the court is Defendant's Motion to Dismiss [ECF No. 35] filed 
by Coloplast Corp. ("Coloplast"). The plaintiffs have responded [ECF No. 36], and the 
defendant has replied [ECF No. 37]. Thus, this matter is ripe for my review. For the 
reasons stated below, the motion is GRANTED. 
Defendant's Motion arises from this court’s Order [ECF No. 34], entered on 
December 1, 2017, denying defendant's first Motion to Dismiss [ECF No. 29] for 
failure to meet and confer with defendant’s counsel to engage in good faith discussions 
about the possibility of settlement in compliance with Pretrial Order (“PTO”) # 134. 
In reaching this decision, I relied on , 561 F.2d 
494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court 
must consider when reviewing a motion to dismiss on the basis of noncompliance with 
discovery. Order at 4–7 (applying the factors to the plaintiffs' case).1 

1 The factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the 
amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry 
into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular 
sort of noncompliance; and (4) the effectiveness of less drastic sanctions. 
 , 872 F.2d 88, 92 (4th Cir. 1989) (citing , 561 F.2d at 503–06). 
Concluding that the first three factors weighed in favor of sanctions as requested by 
defendant, I nevertheless declined to award the requested sanction of dismissal with 
prejudice because it would offend the court’s duty under Wilson's fourth factor, which 
is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave 
the plaintiffs a final chance to comply with PTO # 134. I afforded them thirty days 
from the entry of the Order to meet and confer with defendant to discuss settlement, 
with the caveat that failure to do so may result in dismissal of their case with 
prejudice upon motion by the defendant. Despite this warning, the plaintiffs have 
again failed to comply with this court’s orders and did not meet and confer with 
defendant within the thirty-day period. Consequently, defendant moved to dismiss 
with prejudice. 
 Because the less drastic sanction instituted against the plaintiffs has had no 
effect on their compliance with and response to this court’s orders, which they have 
continued to blatantly disregard, I find that dismissing the defendant with prejudice 
is now appropriate. For the reasons explained in my December 1, 2017 Order, it is 
ORDERED that the Defendant's Motion to Dismiss [ECF No. 35] is GRANTED, and 
Coloplast is DISMISSED with prejudice. 
 The court DIRECTS the Clerk to send a copy of this Order to counsel of record 
and to any unrepresented party. 
 ENTER: February 28, 2018 
 {) 
 AO H R. GOODWIN 
 2 UNITED STATES DISTE ICT JUDGE